UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH WITCHARD,

    Petitioner,

v.                                               CASE NO. 6:11-cv-1549-Orl-31DAB

LAKESIA MOSLEY, et al.,

    Respondents.

## ORDER

Petitioner filed a petition for declaratory judgment pursuant to 28 U.S.C. § 2201. In support of the petition, Petitioner alleges that Defendant David Keith, a United States Postal Inspector, illegally took two manuscripts from Petitioner's home during a search pursuant to a valid warrant.[1] Defendants Keith and Jeff Seeger, a United States Secret Service Agent, subsequently served a grand jury subpoena on Petitioner in order to obtain handwriting exemplars. Petitioner refused to provide the handwriting exemplars. As a result, a grand jury hearing was convened on January 26, 2011, at which time Petitioner refused to provide the grand jury with handwriting exemplars based on his pending civil rights action.

Petitioner asserts that Defendant Lakesia Mosley, an Assistant United States Attorney, underhandedly informed the undersigned judge in case number 6:10-cv-474-Orl-

---

[1]Petitioner notes that he filed a civil rights action, case Number 6:10-cv-474-Orl-31GJK, against David Keith and other government agents on March 29, 2010, based on this conduct. This case, however, was dismissed without prejudice.

31GJK that Petitioner had been transferred to another facility and had failed to notify the Court of his change of address, which resulted in the Court dismissing his civil rights action without prejudice. Thereafter, Defendant Mosley filed a motion to compel Petitioner's handwriting exemplar, and Petitioner moved to quash the grand jury subpoena. On April 20, 2011, the Court in case number 6:11-mc-35-Orl-22DAB granted the motion to compel. Petitioner maintains that the order was forged and Defendants Keith and Seeger attempted to obtain handwriting exemplars pursuant to the forged order. As such, Petitioner again refused to provide the handwriting exemplars.

On July 11 and 14, 2011, contempt proceedings were held in case number 6:11-mc-35-Orl-22DAB. Petitioner agreed to provide the handwriting exemplars. After being held in the Seminole County Jail for approximately seven months, Petitioner was transferred back to a state prison on August 24, 2011.

Petitioner asserts three claims, (1) Defendants served a "false grand jury subpoena bearing an illegal attached page ordering him to give [Defendant Seeger]. . . handwriting exemplars in violation of Petitioner's 4th and 5th Amendment rights. . . ," (2) Defendants forged the magistrate judge's signature on the order granting the motion to compel handwriting exemplars, and (3) Defendants improperly held Petitioner for seven months pursuant to a fraudulent grand jury subpoena. Petitioner seeks *inter alia* a declaratory judgment declaring Defendants' acts are unconstitutional and dismissal or eradication of the grand jury investigation concocted by Defendants.

As an initial matter, the Court notes that "[t]he proper method for challenging the

validity of [a] civil contempt order [is] a direct appeal of that order to the appropriate federal court of appeals. . . ." *Tankersley v. Fisher*, 2008 WL 275878, *9 (N.D. Fla. 2008). Thus, to the extent Petitioner is attempting to challenge the imposition or validity of the previous Court's order, he may do so by filing an appeal in case number 6:11-mc-35-Orl-22DAB. Moreover, "[t]he Declaratory Judgment Act, 28 U.S.C. § 2201-02, . . . does not provide a basis for jurisdiction." *Bethel v. Mack,* 2010 WL 2232155, *3 (S.D. Ala. 2010) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)). Instead, 28 U.S.C. § 2201 only "enlarge[s] the range of remedies available in federal court." *Id.* (citing *Skelly Oil Co.*, 339 U.S. at 671). Thus, given that Petitioner is proceeding pursuant to 28 U.S.C. § 2201, this Court is without jurisdiction to consider Petitioner's claims.

Furthermore, to the extent Petitioner may be seeking to collaterally attack the grand jury proceedings, the Court notes that "'there are two distinct means of securing post-conviction relief in the federal courts: an application for a writ of habeas corpus (governed by. . . [28 U.S.C.] §§ 2241 and 2254) and a motion to vacate a sentence (governed by § 2255)." *Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004) (quoting *Medberry v. Crosby*, 351 F.3d 1049, 1058 (11th Cir. 2003)). The Eleventh Circuit has held:

> [A] state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. All applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ-to both federal and state prisoners.

*Id.* at 787 (quoting *Medberry*, 351 F.3d at 1062); *see also Armstrong v. Guccione*, 470 F.3d 89, 96 (2d Cir. 2006) (considering a petitioner's legal arguments-raised under 28 U.S.C. §

3

2241-that his confinement for civil contempt violated the Fifth Amendment and several federal statutes). Petitioner, however, is not seeking habeas relief in this action.[2]

Finally, the Court concludes that even if it had jurisdiction to consider the instant petition, Petitioner's claims are without merit. There is no indication that either the grand jury subpoena or the order granting the motion to compel was fraudulent or forged. It appears that Petitioner's arguments are premised on the difference in the signatures of the magistrate judge on various documents. However, review of these documents demonstrates that some are electronic signatures whereas others are handwritten signatures. As such, Petitioner has not shown that the grand jury subpoena or any order of the Court was fraudulent or forged. Accordingly, Petitioner's claims alternatively would be denied. It is hereby **ORDERED** as follows:

1. This case is hereby **DISMISSED** without prejudice.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 18th day of October, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 10/17
Joseph Witchard

---

[2]The Court notes that Petitioner previously filed a habeas petition, which was dismissed without prejudice on September 30, 2011. (Sealed Case Number 6:11-cv-1215-Orl-22KRS, Doc. No. 5.)

4